**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

UNITED STATES OF AMERICA,

        Plaintiff,

v.                              CRIMINAL ACTION NO. 2:06-cr-156

YUSEF ALI,

        Defendant.

**MEMORANDUM OPINION AND JUDGMENT ORDER**

Pending before the Court is a *sua sponte* motion, brought pursuant to 18 U.S.C. § 3582(c)(2), to reduce Defendant's sentence based on a subsequent reduction in the applicable sentencing guideline. On November 1, 2007, the United States Sentencing Guidelines were amended to reduce by two levels the guidelines in Section 2D1.1 for cocaine base (also known as crack). Subsequently, the Sentencing Commission amended Section 1B1.10 to make the crack amendment retroactive, effective March 3, 2008. Pursuant to a Standing Order entered on February 6, 2008, this case was designated for Standard consideration.

The Court has received and considered the original Presentence Investigation Report (PSI), original Judgment and Commitment Order and Statement of Reasons, plea agreement, and addendum to the PSI from the Probation Office, and received any materials submitted by the parties on this issue. The Court has also considered the applicable factors under 18 U.S.C. § 3553(a), consistent with § 3582(c)(2), and public safety.

The defendant's original base offense level was 34, and it was decreased by three levels for the defendant's acceptance of responsibility. The defendant's total offense level was 31, his criminal

history category was III, and his guideline range was 135-168 months. On December 7, 2006, the court sentenced the defendant to 135 months imprisonment.

On August 8, 2007, the defendant's sentence was reduced to 63 months pursuant to a Rule 35 substantial assistance motion filed by the United States. This represented a 46.66 percent reduction in the defendant's sentence.

Were the defendant to receive a two-level reduction in his base offense level, his new base offense level would be 32 and his total offense level would be 29. This results in a guideline range of 108 to 135 months. Reducing the bottom of this new guideline range by 46.66 percent results in a sentence of 50.39 months (50 months and 12 days). *See* U.S.S.G. § 1B1.10 cmt. n.3. The United States and the defendant agree that it is appropriate to reduce the defendant's new guideline range by this percentage. (*See* United States' Supp. Mem. [Docket 56]; Def.'s Mem. [Docket 55]. In addition, both parties agree that the court can sentence the defendant below the statutory minimum sentence of 60 months because his sentence was originally reduced pursuant to Rule 35 – Rule 35(b)(4) states that "[w]hen acting under Rule 35(b), the court may reduce the sentence to a level below the minimum sentence established by statute." Fed. R. Crim. P. 35(b)(4).

Based on the foregoing considerations, and noting that the United States does not oppose a reduction, the motion for a reduction in sentence is **GRANTED**. The Court **ORDERS** that Defendant's base offense level be reduced by two levels, resulting in a new total offense level of 29, and a guideline range of 108 to 135 months.  It is further **ORDERED** that Defendant's previous sentence be reduced to a period of **50 months and 12 days**, with credit for time served to date. This sentence varies from the guideline range to the same degree that the original sentence varied from the original guideline range  This Order is subject to the prohibition contained within U.S.S.G. §1B1.10(b)(2)( C).

The Court **DIRECTS** the Clerk to send a copy of this Order to the defendant and counsel, the United States Attorney, the United States Probation Office, the Federal Bureau of Prisons and the United States Marshals.

ENTER:	April 14, 2008

Joseph R. Goodwin, Chief Judge